```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALAN M. GRAYSON, et al.,
                         Plaintiffs,         REPORT AND
                                             RECOMMENDATION
           - against -
                                             08-MC-0033 (RRM) (JO)
CHARLES CATHCART, et al.,
                         Defendants.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

In a letter-motion dated August 13, 2009, the plaintiffs seek the imposition of contempt sanctions upon subpoena recipients First Federal Capital LLC ("FFC") and Li-Tzu Hsin ("Mrs. Hsin"), as well as against Steven A. Soulios ("Soulios"), the attorney who represents both of them and also represents defendant Charles Hsin ("Mr. Hsin"). Docket Entry ("DE") 33. FFC and Mrs. Hsin have submitted a memorandum of law in which they both oppose such sanctions and seek reconsideration of the earlier denial of their motion for a protective order with respect to the subpoena. DE 36. Although Soulios has signed that memorandum on his clients' behalf, he has not submitted any response in opposition to the motion for sanctions against him personally.

I assume the reader's familiarity with the extensive proceedings to date in this case. Briefly stated, the plaintiffs have secured a money judgment totaling over $34 million against Mr. Hsin in an action in the District of South Carolina. On January 14, 2008, they registered the judgment in this district, DE 1, and proceeded to seek discovery in aid of its enforcement pursuant to Federal Rule of Civil Procedure 69(a)(2). Those efforts appear to have met with resistance at virtually every step, and on October 7, 2008, the plaintiffs first sought discovery relief in this court. DE 2 (motion). As the docket reflects, the parties have appeared before the court several times since to litigate discovery disputes.

The latest dispute arises from the plaintiffs' attempts to secure information about Mr. Hsin's assets from his wife and from FFC. Mr. Hsin has reportedly described himself as the Chairman of FFC, his wife as its sole owner, and his son as its president. DE 21 at 3. The plaintiffs first sought to subpoena information from FFC in February 2009. They first attempted service at the address registered as FFC's office, only to be told that it is not located there. When they then sought to serve FFC by providing the subpoena to Soulios, he claimed not to represent the company and declined to accept service. The plaintiffs then served FFC via the New York Secretary of State, but FFC did not comply. In April, the plaintiffs again served FFC and also Mrs. Hsin, but neither appeared as demanded on the scheduled deposition dates in May. At that point, Soulios began to communicate with the plaintiffs' counsel on behalf of both subpoena recipients. After months of interactions but no progress in completing the discovery that the plaintiffs sought, *see* DE 21 at 3-5 (plaintiffs' letter describing history of the instant dispute); the parties brought their dispute to this court in early August: FFC and Mrs. Hsin sought a protective order, and the plaintiffs simultaneously asked the court to hold each of them in contempt. DE 20; DE 21.

I convened a conference to discuss the motions on August 6, 2009. DE 26 (minute entry). After discussing the matter with the parties' counsel, I concluded that each motion suffered from procedural irregularities and that both served only to impede rather than promote the speedy and efficient completion of post-judgment discovery. I therefore sought and obtained the litigants' unanimous consent to deem the subpoenas properly served as of the date of the conference and to address the substantive merits of the discovery demands. DE 25 (Order dated August 6, 2009) at 1. I then proceeded to address the litigants' substantive dispute as follows:

2

Finding the scope of the subpoenas to be appropriate under the circumstances of the case, I ordered the Movants [Mrs. Hsin and FFC] to disclose the requested documents immediately. I stayed that order to maintain the status quo until the Movants can seek review of my ruling by the assigned district judge pursuant to Federal Rule of Civil Procedure 72. However, in light of the unwarranted delays to date in providing post-judgment discovery, the stay will lapse on August 10, 2009. As a result, the Movants must disclose the requested documents on the latter date, regardless of any pending review, unless the district judge grants a motion to extend the stay pending review to my ruling. Under the circumstances, I respectfully recommend that the court decline to enter such a stay, but that it instead order the immediate disclosure of the documents at issue pursuant to appropriate protections against the plaintiffs' use or dissemination of the information so produced in the event my ruling is reversed.[FN1]

> [FN1] In doing so, I acknowledge that the Movants have not been directly involved in this litigation until recently, and are not directly responsible for much of the delay that prompts the strict time constraints I recommend. However, the Movants are closely connected to defendant Hsin – one is his wife and the other is a corporate entity of which he serves as Chairman – and they share common counsel with him. In light of those close ties and the delay that defendant Hsin has caused in discovery, I believe it is fair to consider the entire record in this court in determining appropriate deadlines concerning compliance with the subpoenas issued to the Movants.

On August 4, 2009, I ordered the Movants to make available in court today all documents responsive to the pending subpoenas. At today's conference, their counsel reported that while he had arranged for some such documents to be present in court, he had not ensured that all such documents in his clients' custody had been gathered. I therefore now order that no later than August 10, 2009, the Movants shall submit an affidavit that either reports that all such documents have been gathered and are available for immediate production or that sets forth good cause why the Movants should not be certified as being in contempt of court. With respect to documents not in the Movants' actual possession, the affidavit must specify in detail the steps taken to retrieve them since July 6, 2009, and must provide a date certain within one week when they will be available for production.

I ordered each Movant to be deposed before September 1, 2009.

DE 25 at 1-2 (paragraph numbering removed).

On August 10, 2009, Mrs. Hsin and FFC timely sought review of both my decision on the merits of the dispute and my denial of a stay. DE 27; DE 28. The court denied their objections and affirmed my rulings the same day. DE 29. As a result, there can be no question that Mrs. Hsin and FFC were under a lawful court order requiring them to provide *all* of the information demanded in the pending subpoenas – those immediately available to them by August 10, 2009, and the remainder no later than August 17, 2009 pursuant to measures that the subpoena recipients were required to describe in detail no later than August 10, 2009.

As recounted in the plaintiffs' letter-motion of August 13, 2009, the subpoena recipients have not complied with that lawful court order. *See* DE 33 at 2 (providing details of non-compliance). In their response, Mrs. Hsin and FFC essentially concede that they have taken it upon themselves to limit the scope of the information provided in response to the subpoenas, in part because of the cost of compliance, and in part because they contend the order was ambiguous. *See* DE 36 at 4-6. In the course of making such arguments, they also purport to make a cross-motion for reconsideration of the order they have thus far failed to obey, on the grounds that the cost of compliance is a new fact not previously considered and that the plaintiffs' request for tax-related information is improper. *Id*. Finally, the subpoena recipients argue that this court lacks subject matter jurisdiction over the litigation, and therefore cannot sanction them for contempt, because plaintiff Alan M. Grayson lacks standing to pursue the claims on which he seeks post-judgment discovery. *Id*. at 9-10.

I disagree with the subpoena recipients on virtually every point. As a threshold matter, their attempt to make a cross-motion by simply voicing certain objections in the course of responding to the plaintiffs' motion is a procedural nullity. Such a request for relief must be

4

made in the form of a motion and must satisfy the requirements of either Rule 11.1 or Rule 37.3 of the Local Civil Rules of this court. For that reason alone the court can and should deny the subpoena recipients' requests for relief.[1]

More substantively, there is no reason to reconsider the order requiring compliance with the subpoenas on the basis of cost: Mrs. Hsin and FFC were plainly in a position to raise such concerns earlier in the proceedings, and may not offer facts in support of a motion for reconsideration that they could have offered in support of their original motion for a protective order. *See*, *e.g.*, *Ocello v. City of New York*, 2008 WL 2827424, at *5 (E.D.N.Y. July 21, 2008) ("In its motion for reconsideration, a party 'may not advance new facts, issues or arguments not previously presented to the court'") (quoting *Lipton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 1989 WL 162315, at *3 (S.D.N.Y. Aug. 4, 1989)).

---

[1] I would normally dispose of the subpoena recipients' requests for non-dispositive relief by an order issued on my own authority pursuant to 28 U.S.C. § 636 and Local Civil Rules 72.1 and 72.2. However, because the defendants purport to seek relief from a decision by the assigned district judge that affirmed my earlier ruling, they are as a technical matter asking to modify a ruling made by my superior. For that reason, I dispose of the matter before me by making a recommendation rather than a decision. Nevertheless, to the extent that my caution in doing so would needlessly prejudice the plaintiffs by creating a two-week delay during which the subpoena recipients could object to my recommendation, I exercise my authority to shorten the period in which any objection may be lodged. *See*, *e.g.*, *Hispanic Counseling Ctr., Inc. v. Incorporated Village of Hempstead*, 237 F. Supp. 2d 284, 289-290 (E.D.N.Y. 2002) (holding that 10-day period for filing objections to a report and recommendation "may be shortened where exigencies exist") (citing *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978)). My review of the record persuades me that defendant Hsin and those allied with him have sought at every turn to frustrate the fair and orderly progress of post-judgment discovery in this district, and that further delay increases the risk that assets properly subject to collection under the judgment may be dissipated or otherwise made difficult or impossible to collect. Moreover, as recent experience demonstrates, the litigants and the court are plainly able to brief and resolve objections concerning the subpoenas at issue in short order. Accordingly, I conclude that there is sufficient exigency to warrant a shortening of the time for lodging objections to this report and recommendation.

In addition, the subpoena recipients are simply incorrect in asserting there is any ambiguity in the order they have disobeyed. I explicitly found "the scope of the subpoenas to be appropriate under the circumstances of the case" and directed the subpoena recipients to produce "all" of the requested documents. DE 25 at 1, 2. The court affirmed that ruling on appeal, and explicitly approved my ruling as to the scope of the subpoena. DE 29 at 2.

Finally, the subpoena recipients' argument about subject-matter jurisdiction and standing – aside from having been waived for purposes of a motion for reconsideration due to the failure to raise it previously – is manifestly specious. Defendant Hsin may or may not have a valid argument to make in litigating an appeal of the judgment entered against him in the District of South Carolina; I offer no opinion on that issue. But what cannot reasonably be disputed is that plaintiff Grayson (as well as corporate plaintiff AMG Trust, as to whom the subpoena recipients make no mention of standing) has in fact secured a judgment and has properly registered it in this district. Unless and until that judgment is vacated or satisfied, the plaintiffs are entitled to seek post-judgment discovery in this district pursuant to Rule 69, and this court is empowered to oversee that discovery.

For all of the reasons discussed above, I conclude that the court should not grant reconsideration or a protective order to Mrs. Hsin or FFC. Moreover, I conclude that those litigants have unreasonably failed to comply with this court's clear and unambiguous order. Nevertheless, I recommend against the immediate imposition of contempt sanctions, if only to forestall further wasteful delay and litigation that would likely follow an order granting the plaintiffs' instant motion. Instead, I respectfully recommend that the court enter an order that explicitly requires Mrs. Hsin and FFC to comply in full with all of the document demands in the

subpoenas at issue no later than September 11, 2009, regardless of any objection they may have as to the scope of the subpoenas or the burdens of compliance. I further respectfully recommend that the court explicitly warn each subpoena recipient that failure to comply in full will result in the imposition of a daily fine in a specific amount. To the extent that the subpoena recipients have pointed to any ambiguity in the record thus far – unreasonably in my view – I recommend that the court remove any possible ambiguity in giving them one final chance to comply with their lawful obligations and avoid sanctions.

With respect to attorney Soulios, notwithstanding his failure to oppose the request for contempt sanctions, and notwithstanding the warnings I have previously given him on the record, I respectfully recommend that the court likewise give him one final chance to avoid sanctions. I note that much of the delay in post-judgment discovery has occurred as the result of litigation tactics and arguments that any reasonable attorney should have known to be meritless. To cite just one example, the standards for seeking reconsideration are, or should be, familiar to any attorney – and yet Soulios and his clients have twice ignored them. In this regard it is useful to invite attorney Soulios's attention to the following passage from a decision in another case in which a plaintiff's efforts to enforce a large money judgment were met with dilatory tactics:

> A final word is in order: the record of these proceedings reveals a prolonged, determined effort by the [defendants] to avoid compliance with the decrees and judgments of the District Court. In other circumstances – where smaller sums are involved, and recalcitrant defendants/judgment debtors are not in a position to retain skilled counsel endlessly to devise legal strategies for non-compliance with judicial orders – it is probable that this litigation would have been over long ago. We take this occasion to ... serve notice on the [defendants] and their counsel that the patience of the courts is not without limits. In the absence of a showing of good faith efforts to comply with the orders and judgments of the District Court, further legal maneuvers designed to frustrate the orderly management of post-judgment proceedings will properly raise the question

7

of whether the imposition of sanctions on counsel as well as defendants are appropriate or necessary to vindicate the interests of justice.

*Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 131 (2d Cir. 2009).

My recommendation that the court decline to impose sanctions at this time should not be interpreted as a conclusion that such a step is unwarranted. To the contrary, I believe it would be eminently fair – but possibly counter-productive. In the interest of securing the just, speedy, and inexpensive resolution of this matter, *see* Fed. R. Civ. P. 1., I respectfully recommend that the court deny the plaintiffs' motion for contempt sanctions, deny the subpoena recipients' motions for reconsideration and for a protective order, and order the subpoena recipients to comply in full with the subpoenas no later than September 11, 2009, on pain of daily monetary sanctions.

This Report and Recommendation will today be filed electronically on the court's ECF system and is deemed served on all parties as of the date of such filing. Any objections to this Report and Recommendation must be filed no later than September 2, 2009; any response to such objections must be filed no later than September 4, 2009. *See supra* at 5 n.1. Failure to file objections by September 2, 2009, absent the entry of an order extending that deadline pursuant to Federal Rule of Civil Procedure 6(b)(1), will waive the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
       August 28, 2009

                                       /s/ James Orenstein
                                       JAMES ORENSTEIN
                                       U.S. Magistrate Judge